IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. MATILDA SAENZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-742-O |
| | § | |
| DALLAS COUNTY COMMUNITY | § | |
| COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

**DALLAS COUNTY COMMUNITY COLLEGE DISTRICT'S ORIGINAL ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT SUBJECT TO ITS MOTION FOR
PARTIAL DISMISSAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Dallas County Community College District ("DCCCD," the "District" or "Defendant"), Defendant in the above-styled and numbered civil action, and files this, its Original Answer to Plaintiff's First Amended Complaint ("Complaint"), subject to its Motion for Partial Dismissal, and would respectfully show the Court the following:

**I.**
**THE PARTIES**

1.1.    Defendant is without information or knowledge sufficient to admit or deny the averments contained in Paragraph 1.1 of the Complaint and therefore denies same.

1.2.    Defendant admits the averments contained in Paragraph 1.2, sentences 1 and 2 of the Complaint.  Defendant admits that it may be served with process by serving its Chancellor, at 1601 South Lamar Street, Dallas, Dallas County, Texas  75215.  Defendant further admits that Plaintiff requested a waiver of service of summons from Defendant and that Defendant, through its counsel, signed and returned the waiver of service to Plaintiff's counsel on April 16, 2010.

Defendant is without information or knowledge sufficient to admit or deny the averments contained in Paragraph 1.2, sentence 4 and therefore denies same. Answering further, the time for Defendant to respond to Plaintiff's Complaint is governed by the Federal Rules of Civil Procedure which are self-evident and speak for themselves. Defendant admits that Plaintiff has brought claims as a former employee of Defendant under Title VII of the Civil Rights Act of 1964, under Chapter 21 of the Texas Labor Code, for federal and state constitutional and/or statutory violations, for breach of contract, and under the Federal Declaratory Judgment Act. Defendant denies that it violated any of the laws relied on by Plaintiff in Paragraph 1.2, sentence 5 of the Complaint.

## II.
## JURISDICTION AND VENUE

2.1.    Defendant admits that this Court has jurisdiction over this matter.

2.2.    Defendant admits that jurisdiction is appropriate in this Court.

2.3.    Defendant admits that this Court has *in personam* jurisdiction over Defendant and that Defendant is a state actor.

2.4.    Defendant admits that this Court has pendent jurisdiction over state law claims asserted by Plaintiff. Defendant denies that it violated any of the laws relied on by Plaintiff in Paragraph 2.4 of the Complaint.

2.5.    Defendant admits that venue is appropriate in this Court.

2.6.    Defendant admits the averments contained in Paragraph 2.6 of the Complaint.

## III.
## FACTUAL BACKGROUND

3.1.    Defendant admits that President Felix A. Zamora ("Zamora") received a memorandum purported to be authored by Plaintiff and five instructional/academic deans at MVC on or about May 26, 2009. Defendant further admits that Dr. Wright Lassiter, Chancellor

of DCCCD was copied on the memorandum.   Answering further, the content of the memorandum is self-evident and speaks for itself.   Defendant denies all remaining allegations contained in Paragraph 3.1 of the Complaint.

3.2.    Defendant admits that Plaintiff formerly held the position of Vice President of Instruction for MVC, beginning in or around December 2004.   Defendant is without information or knowledge sufficient to admit or deny the remaining averments contained in Paragraph 3.2, sentence 1 of the Complaint and therefore denies same.   Defendant is without information or knowledge sufficient to admit or deny the averments contained in Paragraph 3.2, sentence 2 of the Complaint and therefore denies same.   With regard to the averments contained in Paragraph 3.2, sentence 3 of the Complaint, Defendant states that the memorandum of May 26, 2009 is self-evident and speaks for itself.

3.3.    Defendant admits that Zamora received the memorandum of May 26, 2009 via email on May 27, 2009.   Defendant further admits that following his receipt of the May 26, 2009 memorandum, on May 27, 2009, Zamora left a voice message on Plaintiff's cell phone requesting that Plaintiff return Zamora's call.   Defendant denies all remaining allegations contained in Paragraph 3.3, sentence 1 of the Complaint.   Defendant is without information or knowledge sufficient to admit or deny the remaining averments contained in Paragraph 3.3 and therefore denies same.

3.4.    Defendant is without information or knowledge sufficient to admit or deny the averments contained in Paragraph 3.4, sentences 1 through 3 of the Complaint, and therefore, denies same.   Defendant admits that Zamora spoke with Plaintiff on May 27, 2009 and that in this conversation Zamora indicated that he did not agree with the statements contained in the memorandum of May 26, 2009 regarding the projected academic landscape of MVC.   Defendant

further admits that Zamora asserted that Plaintiff's actions "bordered on insubordination" and that he would "take that up later" with Plaintiff when she returned to MVC.  Defendant further admits that Zamora told Plaintiff in this conversation that the memorandum of May 26, 2009 demonstrated Plaintiff's "lack of understanding of the budget and leadership/management skills."  Defendant further admits that at the time of the May 27, 2009 phone conversation between Plaintiff and Zamora, Zamora was aware that Plaintiff chaired and wrote the primary content for the currently implemented Instructional Administrative Institute ("IAI") at DCCCD as Zamora had nominated Plaintiff for that role.  Defendant further admits that the IAI was based upon the Dean's Academy that Plaintiff created for the new instructional Deans hired at MVC.  Defendant denies all remaining allegations contained in Paragraph 3.4 of the Complaint.

3.5.   Defendant admits that during the telephone conversation of May 27, 2009 between Plaintiff and Zamora that upon hearing Plaintiff's rationale for the memorandum of May 26, 2009, Zamora may have responded by saying "I don't care" and that Zamora indicated to Plaintiff that the memorandum of May 26, 2009 was "not appreciated."  Defendant denies all remaining allegations contained in Paragraph 3.5 of the Complaint.

3.6.   Defendant denies the allegations contained in Paragraph 3.6, sentence 1 of the Complaint.  Defendant admits the averments contained in Paragraph 3.6, sentence 2 of the Complaint and further states that President Zamora encouraged a "culture of evidence."  Defendant is without information or knowledge sufficient to admit or deny the averments contained in Paragraph 3.6, sentence 3 of the Complaint, and therefore, denies same.

3.7.   Defendant admits that Zamora requested a meeting with the Deans and that this meeting was held on June 3, 2009 and was attended by Plaintiff.  Defendant denies all remaining allegations contained in Paragraph 3.7 of the Complaint.

3.8.     Defendant admits that Zamora presented Plaintiff with a Performance Improvement Plan following, but not directly related to, the June 3, 2009 meeting.  Defendant denies the remaining allegations contained in Paragraph 3.8, sentence 1 of the Complaint. Defendant denies the allegations contained in Paragraph 3.8, sentences 2 through 4 of the Complaint.  Defendant is without information or knowledge sufficient to admit or deny the averments contained in Paragraph 3.8, sentence 5 of the Complaint and therefore denies same. Defendant admits the averments contained in Paragraph 3.8, sentence 6 of the Complaint. Defendant denies the allegations contained in Paragraph 3.8, sentence 7 of the Complaint.

3.9.     Defendant admits the averments contained in Paragraph 3.9, sentence 1 of the Complaint.  Defendant denies the averments contained in Paragraph 3.9, sentence 2 of the Complaint.  Answering further, Plaintiff's husband was an "at will" District employee who was hired as a Program Grant Coordinator and classified as professional support staff.  Defendant admits the averments contained in Paragraph 3.9, sentence 3 of the Complaint.  Defendant denies the allegations contained in Paragraph 3.9, sentence 4 of the Complaint.  Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 3.9, and therefore, denies same.

3.10.   Defendant admits that Plaintiff did not receive authorization to attend certain professional development events due to Plaintiff's failure to observe appropriate procedures for attending such events.  Defendant denies the remaining allegations contained in Paragraph 3.10, sentences 1 and 2 of the Complaint.  Defendant is without information or knowledge sufficient to admit or deny the averments contained in Paragraph 3.10, sentences 3 and 4 of the Complaint and therefore denies same.

3.11.   Defendant admits the averments contained in Paragraph 3.11 of the Complaint. Answering further, following the memorandum of May 2009, Plaintiff was approved to attend a TACHE event but Plaintiff chose not to attend.

3.12.   Defendant admits that Zamora did not approve Plaintiff's request to attend an October 2, 2009 professional development event due to Plaintiff's failure to timely provide necessary information for approval.   Defendant admits that Zamora approved Plaintiff's request to attend a professional development event on October 5, 2009.   Defendant denies all remaining allegations contained in Paragraph 3.13 of the Complaint.

3.13.   Defendant denies the allegations contained in Paragraph 3.13 of the Complaint.

3.14.   Defendant admits that Plaintiff filed a grievance against Zamora and an EEOC charge in November 2009.   Defendant denies all remaining allegations contained in Paragraph 3.14, including footnote 3, of the Complaint.

3.15.   Defendant admits that Zamora held a meeting with Plaintiff and Willie Neal related to Plaintiff's Performance Improvement Plan on or about December 1, 2009.   Defendant denies all remaining allegations contained in Paragraph 3.15, sentence 1 of the Complaint. Defendant admits that on or about February 11, 2010, Zamora and Plaintiff met to discuss the draft of a Southern Association of Colleges and Schools ("SACS") Monitoring Report. Defendant denies the remaining allegations contained in Paragraph 3.15, sentence 2 of the Complaint.   With regard to the allegations contained in Paragraph 3.15, sentence 3 of the Complaint, Defendant states that SACS updates have been a standing agenda entry on all President's staff meeting agendas for approximately one year, including the staff meeting agenda for January 26, 2010.   Defendant denies all remaining allegations contained in Paragraph 3.15, sentence 3 of the Complaint.   Defendant admits that on or about February 18, 2010 Zamora,

Plaintiff and Willie Neal again met to discuss the status of Plaintiff's Performance Improvement Plan. Defendant denies all remaining allegations contained in Paragraph 3.15, sentence 4 of the Complaint. Defendant admits the averments contained in Paragraph 3.15, sentence 5 of the Complaint. Answering further, at the time of the meetings referenced in Paragraph 3.15 of the Complaint, no decision had been made regarding the renewal of Plaintiff's employment contract but Zamora had discussed needed improvements with Plaintiff and the fact that there would be consequences if Plaintiff's performance did not improve.

3.16. Defendant denies the allegations contained in Paragraph 3.16, sentence 1 of the Complaint. Defendant denies the averments contained in Paragraph 3.16, sentence 2 of the Complaint. Answering further, Dean Jerry Scheerer is not a Vice President at MVC like Plaintiff, but instead, is a Dean with different job descriptions and responsibilities. Defendant admits that Dean Scheerer served as the official SACS liaison for MVC on or about September 2009. Defendant admits that Dean Scheerer was responsible for submitting documents to SACS but denies that Scheerer's job responsibilities included providing content for the submissions to SACS. Defendant further admits that MVC's submissions to SACS are critical for the accreditation of MVC. Defendant admits the allegations contained in Paragraph 3.16, sentences 4-6 of the Complaint and states that the information was required from Instructional personnel, including specifically Plaintiff.

3.17. Defendant admits that Plaintiff and the Deans worked together to rewrite the response on Student Learning Outcomes ("SLOs") for MVC's 5th Year Monitoring Report. Defendant is without information or knowledge sufficient to admit or deny the remaining averments contained in Paragraph 3.17, sentence 1 of the Complaint and therefore denies same. Defendant denies the allegations contained in Paragraph 3.17, sentence 2 of the Complaint.

Defendant is without information or knowledge sufficient to admit or deny the averments contained in Paragraph 3.17, sentence 3 and therefore denies same.   Defendant denies that Zamora treated Plaintiff in a "disparaging and/or humiliating manner."   Defendant is without information or knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 3.17, sentences 3-4 and therefore denies same.

3.18.   Defendant admits that Dean Moises Almendariz reported directly to Zamora. Answering further, Dean Almendariz is not a Vice President at MVC like Plaintiff, but instead, is a Dean with different job descriptions and responsibilities.   Defendant denies the remaining allegations contained in Paragraph 3.18, sentence 1 of the Complaint.   Defendant denies the allegations contained in Paragraph 3.18, sentences 2-3 of the Complaint.

3.19.   Defendant admits that Plaintiff was asked to follow procedures when absent from work.   Defendant denies all remaining allegations contained in Paragraph 3.19, sentence 1 of the Complaint.   Defendant denies the allegations contained in Paragraph 3.19, sentences 2-3 of the Complaint.   Defendant admits the allegations contained in Paragraph 3.19, sentence 4 of the Complaint.

3.20.   Defendant admits the allegations contained in Paragraph 3.20, sentence 1 of the Complaint.   Answering further, the faculty's "no confidence" vote constituted an allegation that was never proven by any internal or external review and is not a recognized personnel policy or procedure.   Defendant denies that Zamora has instituted a "climate of fear and mistrust at MVC" and further denies that Zamora has taken "retaliatory actions against faculty, staff and administrators."   Defendant admits that the faculty at MVC included the stated allegations in the "Summary of Grievances" document that accompanied the "no confidence" vote.   Defendant denies the allegations contained in Paragraph 3.20, sentence 3 of the Complaint.   With regard to

the allegations contained in Paragraph 3.20, sentence 4 of the Complaint, Defendant states that the "Summary of Grievances" document is self-evident and speaks for itself.  Defendant denies all remaining allegations contained in Paragraph 3.20, sentence 4 of the Complaint.  Defendant is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 3.20, sentence 5 of the Complaint and therefore denies same.

3.21.   Defendant admits that on or about March 26, 2010, Zamora informed Plaintiff that she was being reassigned to another position within the District.  Defendant further admits that Plaintiff was instructed to remove all of her belongings and clear out from MVC that day. Defendant denies all remaining allegations contained in Paragraph 3.21, sentence 1 of the Complaint.  Defendant admits the allegations contained in Paragraph 3.21, sentence 2 of the Complaint.  Defendant denies the allegations contained in Paragraph 3.21, sentences 3 through 5 of the Complaint.  Defendant admits that on the day Plaintiff was reassigned within the District, she was asked to gather her things and move out of MVC that same day.  Defendant denies all remaining allegations contained in Paragraph 3.21, sentence 6.  With regard to the allegations contained in Paragraph 3.21, sentence 7 of the Complaint, Defendant admits that Plaintiff was a valued colleague and employee of MVC and the District but that Plaintiff also had job performance issues prior to May 2009.

3.22.   Defendant denies the allegations contained in Paragraph 3.22 of the Complaint.

3.23.   Defendant denies the allegations contained in Paragraph 3.23 of the Complaint.

## IV.
## CAUSES OF ACTION

4.1.   ***Alternative Pleadings.***   Defendant admits that Plaintiff has pled her causes of action in the alternative.  Defendant denies that it has violated any of the laws relied on by

Plaintiff.  Defendant denies the allegations contained in Paragraph 4.1, footnote 5 of the Complaint.

**A.      Count One:**

**Violation of Title VII of the Civil Rights Act of 1964:
Discrimination and Retaliation**

4.2.      Defendant restates and incorporates its responses to Paragraphs 1.1 through 4.1 above as though fully stated herein.

4.3.      Defendant denies the allegations contained in Paragraph 4.3, sentence 1 of the Complaint.  Paragraph 4.3, sentence 2 of the Complaint contains legal assertions that Defendant is not required to admit nor deny.  Answering further, the provisions of Title VII are self-evident and speak for themselves.  Defendant denies the remaining allegations contained in Paragraph 4.3 of the Complaint.

4.4.      Defendant denies the allegations contained in Paragraph 4.4 of the Complaint. Answering further, Defendant denies the relief sought by Plaintiff in Paragraph 4.4 of the Complaint.

**B.      Count Two:**

**Violation of Chapter 21 of the Texas Labor Code:
Discrimination and Retaliation.**

4.5.      Defendant restates and incorporates its responses to Paragraphs 1.1 through 4.4 above as if fully stated herein.

4.6.      Defendant denies the allegations contained in Paragraph 4.6, sentence 1 of the Complaint.  Paragraph 4.6, sentence 2 contains legal assertions that Defendant is not required to admit or deny.  Answering further, the provisions of Chapter 21 of the Texas Labor Code are self-evident and speak for themselves.  Defendant denies the remaining allegations contained in Paragraph 4.6 of the Complaint.

4.7.     Defendant denies the allegations contained in Paragraph 4.7 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 4.7 of the Complaint.

## C.     Count Three:

**Violations of the United States Constitution, First and Fourteenth Amendments, and the Texas Constitution, Article I, § 8: Free Speech and Academic Freedom.**

4.8.     Defendant restates and incorporates its responses to Paragraphs 1.1 through 4.7 above as though fully stated herein.

4.9.     Defendant denies the allegations contained in Paragraph 4.9 of the Complaint. Answering further, Paragraph 4.9 of the Complaint contains legal assertions that Defendant is not required to admit or deny.  Answering further, the provisions of 42. U.S.C. § 1983 are self-evident and speak for themselves.

4.10.    Defendant denies the allegations contained in Paragraph 4.10 of the Complaint. Answering further, the provisions of the First and Fourteenth  Amendments of the United States Constitution and Article I, § 8 of the Texas Constitution are self-evident and speak for themselves.

4.11.    Defendant denies the allegations contained in Paragraph 4.11 of the Complaint.

4.12.    Defendant denies the allegations contained in Paragraph 4.12 of the Complaint.

4.13.    Defendant denies the allegations contained in Paragraph 4.13 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 4.13 of the Complaint.

**D.      Count Four:**

**Violations of the United States Constitution, Fifth and Fourteenth Amendments,
and the Texas Constitution, Article I, § 19: Procedural and Substantive Due Process.**

4.14.    Defendant restates and incorporates its responses to Paragraphs 1.1 through 4.13 above as though fully stated herein.

4.15.    Defendant denies the allegations contained in Paragraph 4.15 of the Complaint. Answering further, Paragraph 4.15 of the Complaint contains legal assertions that Defendant is not required to admit or deny.  Answering further, the provisions of 42 U.S.C. § 1983 are self-evident and speak for themselves.

4.16.    Defendant denies the allegations contained in Paragraph 4.16 of the Complaint. Answering further, the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 19 of the Texas Constitution are self-evident and speak for themselves.

4.17.    Defendant denies the allegations contained in Paragraph 4.17 of the Complaint.

4.18.    Defendant denies the allegations contained in Paragraph 4.18 of the Complaint.

4.19.    Defendant denies the allegations contained in Paragraph 4.19 of the Complaint.

4.20.    Defendant denies the allegations contained in Paragraph 4.20 of the Complaint.

4.21.    Defendant denies the allegations contained in Paragraph 4.21 of the Complaint.

4.22.    Defendant denies the allegations contained in Paragraph 4.22 of the Complaint.

4.23.    Defendant denies the allegations contained in Paragraph 4.23 of the Complaint.

4.24.    Defendant denies the allegations contained in Paragraph 4.24 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 4.24 of the Complaint.

E.     **Count Five:**

**Violations the United States Constitution, Fourteenth Amendment,
and the Texas Constitution, Article I, §§ 3 and 3a: Equal Protection.**

4.25.   Defendant restates and incorporates its responses to Paragraphs 1.1 through 4.24 above as though fully stated herein.

4.26.   Defendant denies the allegations contained in Paragraph 4.26 of the Complaint. Answering further, Paragraph 4.26 of the Complaint contains legal assertions that Defendant is not required to admit or deny. Answering further, the provisions of 42 U.S.C. § 1983 are self-evident and speak for themselves.

4.27.   Defendant denies the allegations contained in Paragraph 4.27 of the Complaint. Answering further, Paragraph 4.27 of the Complaint contains legal assertions that Defendant is not required to admit or deny.  Answering further, the provisions of the 14th Amendment to the United States Constitution and Article 1, Sections 3 and 3a of the Texas Constitution are self-evident and speak for themselves.

4.28.   Defendant denies the allegations contained in Paragraph 4.28 of the Complaint.

4.29.   Defendant denies the allegations contained in Paragraph 4.29 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 4.29 of the Complaint.

F.     **Count Six:**

**Violation of Chapter 106 of the Texas Civil Practices and Remedies Code: Discrimination
Because of Gender/Sex.**

4.30.   Defendant restates and incorporates its responses to Paragraphs 1.1 through 4.29 above as though fully stated herein.

4.31.   Defendant denies the allegations contained in Paragraph 4.31 of the Complaint. Answering further, Paragraph 4.31 of the Complaint contains legal assertions that Defendant is

not required to admit or deny.   Answering further, Paragraph 4.31 of the Complaint contains legal assertions that Defendant is not required to admit or deny.   Answering further, the provisions of Chapter 106 of the Texas Civil Practices and Remedies Code are self-evident and speak for themselves.

4.32.   Defendant denies the allegations in Paragraph 4.32 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 4.32 of the Complaint.

**G.**     **Count Seven:**

**Breach of Contract.**

4.33.   Defendant restates and incorporates its responses to Paragraphs 1.1 through 4.32 above as though fully stated herein.

4.34.   Defendant denies the allegations contained in Paragraph 4.34 of the Complaint.

4.35.   Defendant denies the allegations contained in Paragraph 4.35 of the Complaint.

4.36.   Defendant denies the allegations contained in Paragraph 4.36 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 4.36 of the Complaint.

**H.**     **Count Eight:**

**Federal Declaratory Judgment Act.**

4.37.   Defendant restates and incorporates its responses to Paragraphs 1.1 through 4.36 above as though fully stated herein.

4.38.   Defendant denies the relief requested by Plaintiff in Paragraph 4.38 of the Complaint.

## V.
## REQUESTED RELIEF

5.1.    Defendant denies the allegations contained in Paragraph 5.1 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 5.1 of the Complaint.

5.2.    Defendant admits that Plaintiff is attempting to sue Defendant pursuant to 42 U.S.C. §§ 2000e et. seq. Defendant denies all remaining allegations contained in Paragraph 5.2 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 5.2 of the Complaint.

5.3.    Defendant admits that Plaintiff is attempting to sue Defendant pursuant to Chapter 21 of the Texas Labor Code, including but not limited to Sections 21.051, 21.00055, 21.254, 21.258, 21.2585, and 21.259 of the Texas Labor Code. Defendant denies all remaining allegations contained in Paragraph 5.3 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 5.3 of the Complaint.

5.4.    Defendant admits that Plaintiff is attempting to sue Defendant pursuant to 42 U.S.C. § 1983. Defendant denies all remaining allegations contained in Paragraph 5.4 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 5.4 of the Complaint.

5.5.    Defendant admits that Plaintiff is attempting to sue Defendant pursuant to the Texas Constitution. Defendant denies all remaining allegations contained in Paragraph 5.5 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 5.5 of the Complaint.

5.6.    Defendant denies the relief requested by Plaintiff in Paragraph 5.6 of the Complaint.

5.7.    Defendant admits that Plaintiff is attempting to sue Defendant pursuant to Texas Law and Chapter 38 of the Texas Civil Practice and Remedies Code. Defendant denies all remaining allegations contained in Paragraph 5.7 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 5.7 of the Complaint.

5.8.    Defendant admits that Plaintiff is attempting to sue Defendant pursuant to 28 U.S.C. § 2201. Defendant denies all remaining allegations contained in Paragraph 5.8 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 5.8 of the Complaint.

5.9.    Defendant denies the allegations contained in Paragraph 5.9 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 5.9 of the Complaint.

## VI.
## FEES, COSTS, AND INTEREST

6.1.    Defendant is without information or knowledge sufficient to admit or deny the allegations contained in Paragraph 6.1, sentence 1 of the Complaint and therefore denies same. Defendant denies the remaining allegations contained in Paragraph 6.1 of the Complaint. Answering further, Defendant denies the relief requested by Plaintiff in Paragraph 6.1 of the Complaint.

6.2.    Defendant denies the relief requested by Plaintiff in Paragraph 6.2 of the Complaint.

6.3.    Defendant denies the relief requested by Plaintiff in Paragraph 6.3 of the Complaint.

## VII.
## CONDITIONS PRECEDENT

7.1.    Defendant denies the allegations contained in Paragraph 7.1 of the Complaint.

## VIII.
## DEMAND FOR JURY TRIAL

8.1.     Defendant admits that Plaintiff requests trial by jury. Defendant is without information or knowledge sufficient to admit or deny the remaining averments contained in Paragraph 8.1 and therefore denies same.

## PRAYER

Defendant denies the relief requested by Plaintiff in the Prayer Paragraph of the Complaint, including subparts (1)-(8).

## DEFENSES

1.     Plaintiff has failed to exhaust her administrative remedies with regard to some or all of the claims contained in Plaintiff's Complaint.

2.     Plaintiff has failed to state a claim against Defendant DCCCD upon which relief can be granted.

3.     Defendant DCCCD affirmatively states that to the extent applicable, some of Plaintiff's claims may be barred by the applicable statute of limitations.

4.     To the extent applicable, Defendant DCCCD affirmatively states that claims based upon conduct occurring more than 300 days prior to Plaintiff's filing of a Charge of Discrimination with the Equal Employment Opportunity Commission are time barred and that Plaintiff failed to exhaust her administrative remedies as to those alleged actions.

5.     To the extent applicable, Defendant DCCCD affirmatively states that claims not submitted to the Equal Employment Opportunity Commission in a timely Charge of Discrimination are barred because they exceed the scope of Plaintiff's Charge of Discrimination and/or because of Plaintiff's failure to exhaust her administrative remedies and by failure to perfect jurisdictional prerequisites.

6.     To the extent applicable, Defendant DCCCD affirmatively states that claims not timely brought within ninety (90) days of Plaintiff's receipt of an Equal Employment Opportunity Commission Notice of Right to Sue are time barred.

7.     To the extent applicable and to the extent that certain supervisors and/or managers might have engaged in inappropriate or unlawful action, the fact of which is expressly denied, such conduct is outside the course and scope of their employment and Defendant DCCD cannot be vicariously liable for such actions or conduct, if any.

8.     All employment actions taken with respect to Plaintiff were based on neutral, non-discriminatory, and/or non-retaliatory reasons, including the legitimate exercise of managerial discretion and legitimate business needs.

9.     Defendant DCCCD relies on the *Ellerth-Faragher* affirmative defense. Defendant DCCCD maintained reasonable policies, procedures, and practices to prevent, investigate, and remediate claims of discrimination, harassment, and retaliation.  Plaintiff's claims must fail to the extent Defendant DCCCD exercised reasonable care to prevent promptly any harassing and/or retaliatory behavior and to the extent Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant DCCCD or to avoid harm otherwise.

10.    To the extent applicable, Defendant DCCCD affirmatively states that Plaintiff has failed to mitigate her alleged damages.

11.    To the extent applicable, Defendant DCCCD would show that Plaintiff's damages, if any, which are hereby denied, are capped by the damage limitations contained in the federal and state law provisions that are applicable to claims brought by Plaintiff.

12. To the extent applicable, Defendant DCCCD would show that the damages recoverable, if any, which are hereby denied, must be reduced by the amount of money Plaintiff received from any source subsequent to the termination of her employment.

13. To the extent applicable and without admitting Plaintiff suffered any damages, Defendant DCCCD would show that Plaintiff cannot recover damages for any period of time in which she did not make a reasonable effort to find comparable employment.

14. To the extent applicable and without admitting that Plaintiff suffered any damages, Defendant DCCCD would show that Plaintiff cannot recover damages for any period of time after which it was discovered by Defendant DCCCD that Plaintiff had previously violated policies, which violation(s), if known by Defendant at the time they occurred, would have resulted in termination of Plaintiff's employment.  To the extent applicable, Defendant DCCCD affirmatively invokes the doctrine of after-acquired evidence as a defense to Plaintiff's claims of liability and damage.

15. Punitive damages are not available because the actions alleged in Plaintiff's Complaint were contrary to Defendant DCCCD's policies and good faith efforts to comply with the laws.

16. As the prevailing party, Defendant DCCCD affirmatively seeks recovery of its costs and of its reasonable and necessary attorneys' fees.  Further, Defendant DCCCD is entitled to recover its costs and necessary attorneys' fees incurred in the defense of this action because Plaintiff's claims are frivolous, unreasonable, or groundless.

17. To the extent applicable and without admitting that Plaintiff suffered any damages, none of Defendant DCCCD's alleged actions were done knowingly, intentionally, with malice, with specific intent to cause injury, and/or with reckless indifference to Plaintiff's rights.

18.     All decisions, if any, relating to the employment of Plaintiff were made in good faith and based on factors other than those prohibited by federal and/or state law.

19.     Plaintiff's damages, if any, are limited by the exemplary damages cap found in Chapter 41 of the Texas Civil Practice & Remedies Code and the excessive fines clause of the Eighth Amendment, Fourteenth Amendment, the Due Process Clause of the United States Constitution, and the laws of the state of Texas.

20.     To the extent applicable, Defendant DCCCD did not intentionally violate Plaintiff's Constitutional rights.

21.     To the extent applicable, the alleged actions of which Plaintiff complains were not under "color of law."

22.     To the extent applicable, Plaintiff did not engage in speech protected by the First Amendment because she did not speak as a citizen addressing matters of public concern and instead, allegedly spoke on matters pursuant to her official duties.

23.     To the extent applicable, Plaintiff's alleged protected speech, if any, unduly interfered with the duties and responsibilities of her employment.

24.     To the extent applicable, Plaintiff's alleged protected speech, if any, did not play any role in Defendant DCCCD's employment decisions with respect to Plaintiff.

25.     To the extent applicable, Defendant DCCCD's conduct was objectively reasonable and unrelated to Plaintiff's alleged protected speech, if any.

26.     Defendant DCCCD reserves the right to assert additional defenses and affirmative defenses.

Respectfully submitted,

    /s/ Katie Anderson
Katie Anderson
State Bar No. 00789631
katie.anderson@strasburger.com
M. Kasey Ratliff
State Bar No. 24041751
kasey.ratliff@strasburger.com
STRASBURGER & PRICE, LLP
901 Main Street, Suite 4400
Dallas, Texas 75202-3794
Telephone:    (214) 651-4300
Facsimile:    (214) 651-4330

**ATTORNEYS FOR DEFENDANT
DALLAS COUNTY COMMUNITY COLLEGE
DISTRICT**

## CERTIFICATE OF SERVICE

This is to certify that on June 11, 2010, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Frank Hill
Michael Y. Kim
Hill Gilstrap, P.C.
1400 West Abram Street
Arlington, Texas  76013
fhill@hillgilstrap.com
mkim@hillgilstrap.com

    /s/ Katie Anderson